## Bell *vs* Pearce *et al.*

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Attachment in Chancery.    Attachment bond.    Surety.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

CHANCERY.

*Case 25.*

*October* 30.

IT seems to this Court that the *Chancellor* erred in his decretal order requiring *Bell* (as *Newberry's* surety in the forthcoming bond, executed for securing the value of the goods attached by the same Chancellor's previous order, made on the bill filed by Pearce against an absent debtor,) to pay the whole amount of Pearce's debt, excepting only about one hundred and fifty dollars, which one Aldrick, as a garnishee, was ordered to pay.

The bond stipulated: 1st, for the forthcoming of the attached goods, so as to be subject to any decree which should be rendered in favor of the attaching creditor: and 2ndly, for fulfilling any decree which might be rendered in the event of the non-production or non-subjection of the attached goods for the benefit of that creditor.

Now it does seem to us that the equitable lien on the attached goods, resulting to *Pearce* from his suit *in rem*, was not discharged by the execution of such a delivery bond, *the first object of which was to secure the subjection of the goods to the satisfaction of his demand.* And therefore the subsequent sequestration of the same goods, in obedience to the same Chancellor's orders, made on bills afterwards filed by other creditors, did not, in our opinion, affect Pearce's prior lien, and as the sale of the goods, in obedience to the Chancellor's *interlocutor*, made at the instance and pursuant to the agreement of all the

Bond on attachment in chancery.

The condition of the bond—

One in whose favor goods are attached by order of the Chancellor, thereby acquires a lien which is not affected by the levy of a second attachment thereon, a sale thereof by *consent* of both attaching creditors, releases the surety in first bond for delivery of attached effects.

attaching creditors, deprived Bell of the power to fulfil the first condition in his bond, and not only did not affect the priority of Pearce or the rights of either of the other creditors, but obviously tended to promote the interests of all, we cannot perceive any satisfactory reason why *Bell* should still be held responsible for failing to produce the goods to be sold again.

Wherefore, the decretal order against *Bell* is reversed and set aside.

*Duncan* for plaintiff: *Fry and Page* for defendants.